UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

UP-STATISTICS CORPORATION, a
California corporation/ Florida foreign
profit corporation

    Plaintiff,

v.

BRAGGDISC, INC., a Washington
corporation and DALE BOHNET, an
individual

    Defendant.
_____ /

## COMPLAINT

Plaintiff, UP-STATISTICS CORP. ("Up-Statistics"), a Florida corporation, by and through undersigned counsel, hereby brings the following Complaint against BRAGGDISC, INC. ("BraggDisc") and DALE BOHNET ("Bohnet"), and in support thereof states as follows:

### THE PARTIES & JURISDICTION

1.    This is an action for 1) copyright infringement, pursuant to 17 U.S.C. §501; 2) false designation of origin pursuant to Lanham Act, 15 U.S.C. §1125(A)(1)(A); 3) trademark infringement of the federally registered mark "BRILLIANT COMPENSATION" pursuant to 15 U.S.C. §1114; and 4) for the violation of the Florida Deceptive and Unfair Trade Practices Act, §501.201 Fla. Stat. Up-Statistics seeks injunctive relief and damages in an amount within the jurisdiction of this Court.

2.    Up-Statistics is a California corporation that was at all relevant times registered with the Florida Department of State as a Florida foreign profit corporation. Up-Statistics' principal place of business in Florida is in Clearwater, FL.

8852776.1

3. Bohnet, upon information and belief, is a resident of the state of Washington, over eighteen (18) years old and *sui juris*. Bohnet was at all relevant times the President of BraggDisc.

4. BraggDisc, is a Washington corporation with its principal place of business in Spokane Valley, Washington. At all relevant times, BraggDisc engaged in the display, publication, performance, and sale of Up-Statistics' copyrighted material and the use in commerce of Up-Statistics' trademark, which are both the subject of this action, to Florida residents on its interactive web site. Upon information and belief, BraggDisc shipped products that infringe on Up-Statistics' copyrighted material into Florida and into this judicial district.

5. BraggDisc and Bohnet are subject to personal jurisdiction in Florida pursuant to §48.193(1), Florida Statutes, since the causes of action set forth below arise from their conduct, either personally or through an agent, of

> (b) Committing a tortuous act within the state.
> (f) Causing injury to persons or property within this state arising out of an act or omission by BraggDisc and Bohnet outside this state, if, at or about the time of the injury, either:
> 1. BraggDisc was engaged in solicitation or service activities within this state; or
> 2. Products, materials, or things processed, serviced, or manufactured by BraggDisc and Bohnet anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.

Fla. Stat. § 48.193(1).

6. BraggDisc and Bohnet are also subject to personal jurisdiction in Florida pursuant to §48.193(2), Florida Statutes, since it is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper pursuant to 28 U.S.C. § 1400(a), because their infringing products

are shipped into this judicial district and because visitors from this judicial district can access BraggDisc's websites and enter into sales and service contracts with BraggDisc.

8. This Court has subject matter jurisdiction over Up-Statistics' federal claims pursuant to 28 U.S.C. § 1338(a). This Court also has original and supplemental jurisdiction over the state law claims below pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because the state law claim for violation of Florida Deceptive & Unfair Trade Practices Act is joined with substantially related claims under federal copyright and trademark laws, and because the state law claims are so related to the federal claims that they are a part of the same case or controversy.

9. This court also has jurisdiction over these claims because the matter in controversy exceeds the value of $75,000.00, and is between citizens of different states pursuant to 28 U.S.C. § 1332(a)(1).

10. All conditions precedent to the bringing of this action have either been performed or have been waived or excused.

## FACTS

11. Up-Statistics is a leader in the network marketing industry, also referred to as multi-level marketing. Led by its President, Timothy Sales ("Sales"), Up-Statistics provides training to network marketers and distributors in all types of industries and for all types of companies and products. The ultimate goal of Up-Statistics' training is to assist individuals and give them the necessary tools and resources to build their network marketing business.

Brilliant Compensation- the Video

12. Up-Statistics provides training in several formats, including an audio-visual recording entitled Brilliant Compensation (the "Video"). The Video was first published in 1998 and is registered with the Library of Congress, Register of Copyrights, Registration PA 957-697.

13. The Video is approximately ninety (90) minutes in length and features Sales

discussing how to achieve financial success through network marketing and his interviews with successful business entrepreneurs attesting to the efficacy of network marketing. A main purpose of the Video is to preempt prospective clients' objections to network, or multi-level, marketing. In other words it is a "100% No-Hype, Totally Logical Explanation of the Network Marketing Industry."

BRILLIANT COMPENSATION- the registered trademark

14. Up-Statistics owns the federally registered trademark, "BRILLIANT COMPENSATION" (also referred to herein as the "Mark"), Reg. No. 2409453. Up-Statistics has continuously used BRILLIANT COMPENSATION in interstate commerce for printed materials and seminars related to network marketing since April 1, 2000.

Infringing Video Clips on websites

15. BraggDisc is a competitor of Up-Statistics and creates and produces sales presentation compact disks that are marketed and advertised on the Internet. BraggDisc owns, operates and/or controls an interactive website at the URL http://tdnzija.com, which is accessible throughout the world, and specifically in the state of Florida.

16. Visitors to http://tdnzija.com may engage in numerous interactive activities, such as watch video content and register to become a BraggDisc subscriber, which requires the visitor to exchange information with a host computer.

17. On its Home Page (http://tdnzija.com/Home_Page.html), BraggDisc advertises the availability of a new product-- the Generic Recruiting Disc. The Generic Recruiting Disc is comprised of material from Up-Statistics' Video, as described below:

> These powerful video clips from the Brilliant Compensation DVD combined with the current uncertain economic times will send your recruiting soaring. Preview this disc at the "Generic Recruiting disc" tab above.

*See* printout of the BraggDisc Home Page at Exhibit "A".

18. On BraggDisc's web page titled "Generic Recruiting Disc" at the URL http://tdnzija.com/Generic_Recruiting_Disc.html, there are eight (8) individual abbreviated reproductions of Up-Statistics' copyrighted Video (the "Clips"). The Clips are short previews from the Generic Recruiting Disc, and are used to entice visitors to purchase the Generic Recruiting Disc. *See* screenshots of the Generic Recruiting Disc page attached at Exhibit "B". In the introduction video to the Clips, BraggDisc touts:

> Recruiting will never be the same.
> The Recruiting BraggDisc.
> Let Tim Sales and a Harvard PHD use both logic and emotion to recruit new people to your business. This Generic disc uses video clips from the powerful "Brilliant Compensation" DVD.
> Delivering on the Promise!!

*Id.*

19. BraggDisc names each of the eight remaining Clips based on what Sales teaches in that particular Clip, for example "No More Excuses", "You Can Do This", and "Let Me Be Blunt." Each Clip is between thirty-two seconds (32) and three minutes forty-three seconds (3:43). The total playing time for all Clips displayed on http://tdnzija.com/Generic_Recruiting_Disc.html is approximately fifteen (15) minutes.

20. BraggDisc also owns, operates and/or controls an interactive website at the URL http://braggrecruiting.com, which is accessible throughout the world, and specifically in the state of Florida.

21. The website at http://braggrecruiting.com is similar to the website at http://tdnzija.com in that visitors to http://braggrecruiting.com may engage in numerous interactive activities, such as watch video content and register to become a BraggDisc subscriber, which requires the visitor to exchange information with a host computer.

22. On its Home Page (http://braggrecruiting.com/Home_Page.html), BraggDisc advertises the availability of the Generic Recruiting Disc. The Generic Recruiting Disc is comprised of material from Up-Statistics' Video, as described below:

> These powerful video clips from the Brilliant Compensation DVD combined with the current uncertain economic times will send your recruiting soaring. Preview this disc at the "Generic Recruiting disc" tab above.

*See* printout of the BraggDisc Home Page at Exhibit "C".

23. On BraggDisc's web page titled "Recruiting Disc[1]" (hereinafter referred to as "Generic Recruiting Disc") at the URL http://braggrecruiting.com/The_Recruiting_Disc.html, there are seven (7) individual abbreviated reproductions of Up-Statistics' copyrighted Video (the "Clips"). The Clips are short previews from the Generic Recruiting Disc, and are used to entice visitors to purchase the Generic Recruiting Disc. *See* screenshots of the Generic Recruiting Disc page attached at Exhibit "D". In the introduction video to the Clips, BraggDisc touts:

> Recruiting will never be the same.
> The Recruiting BraggDisc.
> Let Tim Sales and a Harvard PHD use both logic and emotion to recruit new people to your business. This Generic disc uses video clips from the powerful "Brilliant Compensation" DVD.
> Delivering on the Promise!!

*Id.*

24. BraggDisc names each of the eight remaining Clips based on what Sales teaches in that particular Clip, for example "No More Excuses", "You Can Do This", and "Let Me Be Blunt." Each Clip is between thirty-two seconds (32) and four minutes seventeen seconds (4:17). The total playing time for all Clips displayed on http://braggrecruiting.com/The_Recruiting_Disc.html is approximately sixteen (16) minutes.

---

[1] Defendants refer to the Recruiting Disc and the Generic Recruiting Disc interchangeably, though they are the same product.

8852776.1                                    6

25. The website at http://braggrecruiting.com also caters to visitors who read and understand the Spanish language. When users visit the link at http://braggrecruiting.com/Espa_ol_reclutamiento.html, they are taken to the page titled "Espanol Reclutamiento," which translates into "Spanish Recruiting." *See* printout of the BraggDisc Espanol Reclutamiento Page at Exhibit "E".

26. On the Espanol Reclutamiento page, there are eight (8) individual abbreviated reproductions of Up-Statistics' copyrighted Video (the "Clips"). The Clips are short previews from the Generic Recruiting Disc, and are used to entice visitors to purchase the Generic Recruiting Disc. Because this page is intended for Spanish speakers, BraggDisc altered and/or created a derivative of the Video in each Clip. When a visitor plays a Clip, he/she sees the original images from the Video, however a Spanish-speaking voice is performing a voice-over.

27. BraggDisc names each of the eight remaining Clips based on what Sales teaches in that particular Clip, for example "Hacer Dinero Fuego De Amigos" and "Marketing De Relacion." Each Clip is between thirty-two seconds (32) and three minutes forty-three seconds (3:43). The total playing time for all Clips displayed on http://braggrecruiting.com/Espa_ol_reclutamiento.html is approximately seventeen (17) minutes.

The Generic Recruiting Disc

28. The Generic Recruiting Disc is an actual, business card sized DVD, which can be passed out like a business card. The Generic Recruiting Disc is wholly comprised of copyrighted material from the Video. Visitors must register with BraggDisc in order to purchase the Generic Recruiting Disc.

29. In order to purchase the Generic Recruiting Disc, visitors at http://tdnzija.com are directed to another interactive website that is also owned, operated and/or controlled by


BraggDisc located at the URL http://www.braggdisc.com/tdnzijatools/. Visitors at http://braggrecruiting.com are directed to http://www.braggdisc.com/braggtools/, an interactive website that is also owned, operated and/or controlled by BraggDisc. Once on these websites, visitors can go "virtual shopping" by adding items to their virtual shopping cart and purchasing them. Once items are selected, BraggDisc provides estimated shipping charges based on the user's zip code. BraggDisc offers to sell its products to Florida residents and offers to ship its products to Florida addresses.

The CD-ROM

30. BraggDisc also sells a subscription service whereby subscribers pay BraggDisc for a customer tracking system. BraggDisc provides multiple copies of what appears to be the Generic Recruiting Disc, but is actually a CD-ROM (the "CD-ROM"), to its subscribers, who distribute them to prospective network marketing clients.

31. When a prospective client inserts the CD-ROM into his/her computer's CD-ROM drive, a program on the CD-ROM connects to the Internet and plays a MacroMedia Flash Player program (the "Program") that resides on a server on the Internet. The Program is approximately twenty-six (26) minutes in length and wholly comprised of copyrighted material from the Video. *See* screenshots of BraggDisc's Program at Exhibit "F".

32. In order to view the Program, a prospective client needs to enter an access code, which is provided by the subscriber, as well as his/her first and last name, email address and phone number. BraggDisc collects and uses the prospective clients' contact information and sends an email to the prospective client thanking him/her for watching the CD-ROM. BraggDisc also sends the subscriber a text message notifying him/her that the prospective client watched the CD-ROM and an email with the prospective client's contact information. The subscriber can

then call the prospective client "to recruit and close them anywhere, anytime." The Program can also be accessed through a link on The Espanol Reclutamiento and Recruiting Disc pages. See Exhibits "D" and "E".

33. Upon information and belief, Bohnet personally directs and controls the maintenance of the BraggDisc Websites[2], and has control over the content that is placed on the Websites and over the products that are sold on the Websites. Upon information and belief, Bohnet has the ability to supervise others who maintain the BraggDisc Websites, place content on the Websites, and sell products through the Websites. Furthermore, upon information and belief, Bohnet directs the reproduction, distribution, and shipment of copyright and trademarked materials through interstate commerce (including Florida).

34. BraggDisc and Bohnet, without consent or license, are illegally displaying and reproducing, Up-Statistics' copyrighted Video on the BraggDisc Websites.

35. BraggDisc and Bohnet, without consent or license, are illegally reproducing, creating derivatives of and selling, Up-Statistics' copyrighted Video via its Generic Recruiting Disc and the Program.

36. BraggDisc is not and has never been a licensee of Up-Statistics.

37. Up-Statistics retained the undersigned counsel and has agreed to pay them a reasonable fee.

## COUNT I
(BRAGGDISC- *Copyright Infringement Pursuant To 17 U.S.C. § 501, et seq.*)

38. Up-Statistics repeats and realleges paragraphs 1 through 37 as if fully set forth herein.

---

[2] The BraggDisc "Websites" are, collectively, http://tdnzija.com, http://braggrecruiting.com, and http://www.braggdisc.com.

39. Up-Statistics is the owner of all right, title and interest in the Video. Up-Statistics' rights include all rights under U.S. copyright law, including the exclusive rights to reproduce, create derivative works, sell, and publicly display the Video as it desires.

40. The Video consists of material wholly original to Up-Statistics and is copyrightable subject matter under the law of the United States.

41. BraggDisc has infringed on Up-Statistics' copyright in the Video in violation of 17 U.S.C. § 501, et seq. In doing so, BraggDisc acted without Up-Statistics' permission, license, or consent.

42. BraggDisc acted willfully, intentionally and in total disregard of and with indifference to Up-Statistics' copyright in the Video by willfully and knowingly reproducing and displaying of the Video by publishing the Clips on its Websites for purposes of trade and promotion.

43. BraggDisc acted willfully, intentionally and in total disregard of and with indifference to Up-Statistics' copyright in the Video by willfully and knowingly reproducing and creating a derivative of the Video and then selling it under the name, Generic Recruiting Disc.

44. BraggDisc acted willfully, intentionally and in total disregard of and with indifference to Up-Statistics' copyright in and to the Video by willfully and knowingly reproducing and creating the Program, a derivative of the Video, and then selling access to the Program and displaying the Program for purposes of trade and promotion.

45. BraggDisc acted willfully, intentionally and in total disregard of and with indifference to Up-Statistics' copyright in the video by willfully and knowingly creating a derivative of the video and then displaying it on the Espanol Reluctamiento page.

46. As a result of BraggDisc's acts alleged herein, Up-Statistics has suffered and is

suffering and will continue to suffer substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation and the dilution of the value of its rights.

47. BraggDisc's wrongful acts have irreparably harmed Up-Statistics and if not enjoined will continue to harm Up-Statistics. Up-Statistics' remedy at law is not adequate to compensate it for the injuries inflicted by BraggDisc.

WHEREFORE, Up-Statistics requests this Court award the following relief:

a. Temporary and permanent injunctive relief preventing BraggDisc from further infringing Up-Statistics' copyright in the Video, pursuant to 17 U.S.C. § 502;
b. An order directing the impounding of all BraggDisc discs, which infringe upon Up-Statistics' copyright in the Video, pursuant to 17 U.S.C. § 503;
c. Actual damages and profits, or willful statutory damages, pursuant to 17 U.S.C. § 504;
d. An accounting from BraggDisc to permit Up-Statistics to determine the amount of revenues and other unjust enrichment attributable to the BraggDisc's unlawful acts;
e. Reasonable attorney's fees, costs and expenses of this lawsuit, pursuant to 17 U.S.C. § 505; and
f. Such other and further relief as this Court deems just and proper.

## COUNT II
(DALE BOHNET- *Copyright Infringement Pursuant To 17 U.S.C. § 501, et seq.*)

48. Up-Statistics repeats and realleges paragraphs 1 through 37 as if fully set forth herein.

49. Up-Statistics is the owner of all right, title and interest in the Video. Up-Statistics rights include all rights under U.S. copyright law, including the exclusive rights to reproduce, create derivative works, sell, and publicly display the Video as it desires.

50. The Video consists of material wholly original to Up-Statistics and is copyrightable subject matter under the law of the United States.

51. Bohnet directly infringed on Up-Statistics' copyright in the Video in violation of 17 U.S.C. § 501, et seq. In doing so, BraggDisc acted without Up-Statistics' permission, license,

or consent.

52. Bohnet personally caused and directed the reproduction and display of the Video in the Clips.

53. Bohnet personally caused and directed the reproduction and creation of a derivative of the Video, and then its sale under the name Generic Recruiting Disc.

54. Bohnet personally caused and directed the reproduction and creation of the Program, a derivative of the Video, and the sale of access to the Program and display of the Program.

55. Bohnet personally caused and directed the reproduction and creation of the derivative of the video for Spanish speakers and the display of the derivative on The Espanol Reclutamiento page.

56. Bohnet personally benefits from the infringing actions described herein.

57. As a result of Bohnet's personal actions alleged herein, Up-Statistics has suffered and is suffering and will continue to suffer substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation and the dilution of the value of its rights.

58. Bohnet's wrongful acts have irreparably harmed Up-Statistics and if not enjoined will continue to harm Up-Statistics. Up-Statistics' remedy at law is not adequate to compensate it for the injuries inflicted by Bohnet.

WHEREFORE, Up-Statistics requests this Court award the following relief:

  a. Temporary and permanent injunctive relief preventing Bohnet from further infringing Up-Statistics' copyright in the Video, pursuant to 17 U.S.C. § 502;
  b. An order directing the impounding of all BraggDisc discs, which infringe upon Up-Statistics' copyright in the Video, pursuant to 17 U.S.C. § 503;
  c. Actual damages and profits, or willful statutory damages, pursuant to 17

     U.S.C. § 504;
   d. Reasonable attorney's fees, costs and expenses of this lawsuit, pursuant to 17 U.S.C. § 505; and
   e. Such other and further relief as this Court deems just and proper.

## COUNT III
*(Trademark Infringement Pursuant To 15 U.S.C. § 1114)*

59. Up-Statistics repeats and realleges paragraphs 1 through 37 as if fully set forth herein.

60. Upon information and belief, BraggDisc, with knowledge of Up-Statistics' federally registered trademark, knowingly and willfully infringed upon the Mark, BRILLIANT COMPENSATION, by using it on its Websites to advertise the infringing Clips. BraggDisc's use of the Mark, without the consent or authorization of Up-Statistics constitutes intentional trademark infringement.

61. BraggDisc's unauthorized use of Up-Statistics' Mark is likely to cause confusion and mistake in the minds of the consuming public.

62. The goodwill and favorable reputation created by the use of Up-Statistics' Mark is a valuable asset belonging to Up-Statistics. The acts complained of herein have caused Up-Statistics harm and have damaged it, and have the potential for inflicting substantially greater injury to Up-Statistics' Mark and goodwill unless enjoined by the Court.

63. Up-Statistics has suffered and continues to suffer irreparable harm as a result of BraggDisc's conduct, including the lessening of the goodwill arising from Up-Statistics' Mark.

64. BraggDisc will unless preliminary and permanently enjoined, continue to act in an unlawful manner to Up-Statistics' irreparable harm. Up-Statistics has no adequate remedy at law to compensate it for the injuries suffered and threatened as a result of BraggDisc's conduct.

WHEREFORE, Up-Statistics requests this Court award the following relief:

    a. Temporary and permanent injunctive relief enjoining BraggDisc's violation of the Lanham Act 15 U.S.C. § 1114;
    b. Actual damages and profits, or s willful tatutory damages, pursuant to 15 U.S.C. § 1117;
    c. An accounting from BraggDisc to permit Up-Statistics to determine the amount of revenues and other unjust enrichment attributable to the BraggDisc's unlawful acts; and
    d. Such other and further relief as this Court deems just and proper.

### COUNT IV
*(False Designation Of Origin Pursuant To Lanham Act, 15 U.S.C. § 1125(A)(1)(A))*

65. Up-Statistics repeats and realleges paragraphs 1 through 37 as if fully set forth herein.

66. BraggDisc's use in commerce of the Video is likely to cause confusion, mistake and to deceive consumers by suggesting that the Video originates from BraggDisc, which is false.

67. The above-described acts of BraggDisc constitute false designation of origin in violation of 15 U.S.C. 1125(a)(1)(A), entitling Up-Statistics to relief.

68. BraggDisc has unfairly profited from the actions alleged. By reason of BraggDisc's acts alleged herein, Up-Statistics has suffered monetary damage and loss of control of the goodwill associated with the Video. BraggDisc's acts have irreparably harmed Up-Statistics and if not enjoined will continue to harm it.

69. Up-Statistics remedy at law is not adequate to compensate it for injuries inflicted by BraggDisc. Accordingly, Up-Statistics is entitled to entry of a temporary restraining order against BraggDisc and preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

WHEREFORE, Up-Statistics requests this Court award the following relief:

    a. Preliminary injunctive relief, and then permanent injunctive relief enjoining BraggDisc's violations of the Lanham Act 15 U.S.C. § 1125(a);
    b. Compensatory damages;
    c. BraggDisc's profits pursuant to 15 U.S.C. § 1117(a);
    d. An accounting from BraggDisc to permit Up-Statistics to determine the

8852776.1

14

    amount of revenues and other unjust enrichment attributable to the BraggDisc's unlawful acts; and

e. Such other and further relief as this Court deems just and proper.

## COUNT V
*(Deceptive and Unfair Trade Practices Act Pursuant To F.S. § 501.201, et seq.)*

70. Up-Statistics repeats and realleges paragraphs 1 through 37 as if fully set forth herein.

71. BraggDisc has engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of its trade, all of which violate the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statutes § 501.201, *et seq*.

72. BraggDisc is unfairly competing with Up-Statistics by infringing Up-Statistics valuable rights in and to the Video and the Mark for BraggDisc's own financial gain. BraggDisc acted deceptively and without authorization, license or consent from Up-Statistics. BraggDisc's acts and practices as alleged herein violate FDUTPA, offend public policy, are unethical, oppressive and unscrupulous and are causing Up-Statistics substantial unavoidable injury.

73. Up-Statistics has invested substantial time, creative effort and money in developing and producing the Video and in keeping it current. Up-Statistics has also invested substantial time and money in developing and maintaining the goodwill associated with the Mark. BraggDisc's unauthorized use in commerce of the Video and the Mark constitutes an unfair method of competition and an unconscionable, unfair and deceptive act.

74. As a direct and proximate cause of BraggDisc's unfair, unconscionable and deceptive acts or practices, Up-Statistics has sustained losses and damages, and is aggrieved. As such, Up-Statistics is entitled to an injunction preventing BraggDisc from continuing to infringe Up-Statistics' Video.

WHEREFORE, Up-Statistics requests this Court award the following relief:

   a. A declaratory judgment that the BraggDisc's conduct violates Fla. Stat. §501.201, et seq.
   b. Temporary and permanent injunctive relief preventing BraggDisc from continuing to violate Fla. Stat. § 501.201, et seq.
   c. Compensatory damages;
   d. Reasonable attorney's fees, costs and expenses of this lawsuit; and
   e. Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

75. Up-Statistics demands trial by jury of all issues so triable.

Dated this _10_ day of February, 2010.

>Arnstein & Lehr, LLP
>Northbridge Centre, Suite 600
>515 North Flagler Drive
>West Palm Beach, FL33401
>Telephone:   (561) 833-9800
>Facsimile:   (561) 655-5551
>Attorneys for Plaintiff
>
>By: _____
>Joel B. Rothman
>Florida Bar No. 98220
>JRothman@arnstein.com
>Misha J. Kerr
>Florida Bar No. 39652
>MJKerr@arnstein.com